IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MAXINE L. H., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:19-cv-02209-N-BT |
| | § | |
| ANDREW SAUL, Commissioner of the | § | |
| Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Maxine L. H.[1] filed a civil action seeking judicial review pursuant to 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner of the Social Security Administration. For the reasons explained below, the Commissioner's decision should be REVERSED and REMANDED.

**Background**

Plaintiff alleges that she is disabled due to the following impairments: chronic back pain, obesity, depression, and anxiety. *See* Pl.'s Br. 2 (ECF No. 20). She alleges disability beginning October 1, 2016. Administrative Record (A.R.) 136 (ECF No. 15-1). After her application for supplemental security income under Title XVI was denied initially, and on reconsideration, Plaintiff requested a hearing

---

[1] The Court uses only Plaintiff's first name and last initial as instructed by the May 1, 2018 Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions issued by the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

before an administrative law judge (ALJ). That hearing took place on May 23, 2018. *Id.* 33, 102. At the time of the hearing, Plaintiff was 41 years old. *Id.* 37. She has a high school education, attended college for one year, and has past work experience as a factory worker, grocery store manager, housekeeper, and medical assistant. *Id.* 37-41.

In a written decision issued on October 30, 2018, the ALJ found that Plaintiff was not disabled and, therefore, not entitled to supplemental security income. *Id.* 18, 29. At step one of the five-step sequential evaluation,[2] the ALJ found Plaintiff had not engaged in substantial gainful activity since October 10, 2016. *Id.* 18. At step two, the ALJ found that Plaintiff had the severe impairments of chronic back pain, obesity, depression, and anxiety. *Id.* At step three, the ALJ found that Plaintiff's impairments, or combination of impairments, did not meet or equal the severity of any listed impairment in the social security regulations. *Id.* At step four,

---

[2] "In evaluating a disability claim, the Commissioner conducts a five-step sequential analysis to determine whether (1) the claimant is presently working; (2) the claimant has a severe impairment; (3) the impairment meets or equals an impairment listed in appendix 1 of the social security regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the impairment prevents the claimant from doing any other substantial gainful activity." *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The claimant bears the initial burden of establishing a disability through the first four steps of the analysis; at the fifth step, the burden shifts to the Commissioner to show that there is other substantial work in the national economy that the claimant can perform. *Id.* at 448; *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (citations omitted). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923 (citing *Leggett v. Chater,* 67 F.3d 558, 564 (5th Cir. 1995)); *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citing *Barajas v. Heckler,* 738 F.2d 641, 643 (5th Cir. 1984) (per curiam)).

the ALJ found Plaintiff has the residual functional capacity (RFC) to perform light work that does not entail climbing, crawling, kneeling, or squatting; that only occasionally entails stooping and crouching; that requires the ability to understand, remember, and carry out only simple things, to make simple decisions, to attend and concentrate for extended periods, to accept instructions, and to respond appropriately to changes in routine work setting; and that would allow her to sit or stand at will the entire eight-hour workday. *Id.* 26-27. At step five, relying on the testimony of a vocational expert (VE), the ALJ found that Plaintiff could perform the work of a parking lot cashier, small products assembler, and folding machine feeder. *Id.* 28.

Plaintiff appealed the hearing decision to the Appeals Council. The Appeals Council denied Plaintiff's request for review. *Id.* 1. Plaintiff then filed this action in federal district court arguing: (1) the ALJ failed to give deference to the opinion of a treating physician and substituted his own lay opinion for that of the treating physician; (2) the ALJ failed to obtain a proper waiver of Plaintiff's right to be represented by counsel at the administrative hearing; (3) the ALJ failed to afford Plaintiff and her counsel the opportunity to cross-examine the VE; and (4) the ALJ was not properly appointed under the Constitution at the time of the hearing. Pl.'s Br. 1.

**Legal Standards**

Judicial "review of Social Security disability cases 'is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the

record as a whole, and (2) whether the Commissioner applied the proper legal standard.'" *Copeland*, 771 F.3d at 923 (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)); *see also Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (citation omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted); *see also Copeland*, 771 F.3d at 923 ("Substantial evidence is 'more than a mere scintilla and less than a preponderance.'") (quoting *Perez*, 415 F.3d at 461). The Commissioner, and not the courts, resolves conflicts in the evidence; thereafter, the Court may not "reweigh the evidence or try the issues de novo." *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995) (per curiam) (citing *Cook v. Heckler,* 750 F.2d 391, 392-93 (5th Cir. 1985); *Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983) (per curiam)). Accordingly, the Court may not substitute its own judgment for the Commissioner's, and it may affirm only on the grounds that the Commissioner stated to support his or her decision. *Copeland*, 771 F.3d at 923 (citing *Cole v. Barnhart*, 288 F.3d 149, 151 (5th Cir. 2002) (per curiam)).

## Analysis

As stated above, Plaintiff raises four issues on appeal. The fourth—that the ALJ who heard her case was not properly appointed under the Constitution at the time of the hearing—is dispositive and requires remand. Thus, the Court does not reach Plaintiff's first three arguments.

Plaintiff states that the ALJ who heard her case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing. Pl.'s Br. 12. Relying on *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018), Plaintiff argues that the fact that an improperly appointed ALJ heard her case alone requires remand. *Id.* 12-13. The Commissioner does not dispute that the ALJ was not properly appointed at the time he heard Plaintiff's case. Instead, the Commissioner argues that Plaintiff has forfeited her right to raise this issue because she did not raise it during the administrative process. Def.'s Br. 10.

Certain ALJs are "Officers of the United States" subject to the Appointments Clause, meaning they must be appointed by the President, a court, or the head of a department. *Lucia*, 138 S. Ct. at 2051, 2054. To address any Appointments Clause questions involving social security claims, on July 18, 2018, the then-Commissioner ratified the appointments of all the Administration's ALJs as her own. *See* Social Security Emergency Message EM-18003 REV 2, § B (https://secure.ssa.gov/apps10/reference.nsf/links/08062018021025PM). The Administration then indicated that it would not dispute challenges to the authority of ALJs who heard claims prior to that ratification. SSR 19-1p, 2019 WL 1324866, at *2-3 (March 15, 2019).

Under *Lucia*, "one who makes a *timely* challenge to the constitutional validity of the appointment of an officer who adjudicates h[er] case is entitled to relief." *Lucia*, 138 S. Ct. 2055 (internal quotation marks and citation omitted, emphasis added). Lower courts that have considered the issue are split as to

5

whether a social security claimant whose claims were heard by an improperly appointed ALJ is required to raise an Appointments Clause challenge during the administrative process. A few courts, including district courts within this district, have decided that social security claimants are not required to raise an Appointments Clause challenge during the administrative process and that they can raise the challenge for the first time in federal court. *Cirko ex rel. Cirko v. Comm'r of Soc. Sec.*, 948 F.3d 148, 159 (3d Cir. 2020); *Veronica B. v. Saul*, 2020 WL 4721294, at *6 (N.D. Tex. June 23, 2020), *adopted by* 2020 WL 4697864 (N.D. Tex. Aug. 13, 2020) (agreeing with Third Circuit and remanding despite failure to raise Appointments Clause argument to the Administration); *McCary-Banister v. Saul*, 2020 WL 3410919, at *8 (W.D. Tex. June 19, 2020) (same); *Janice Marie J. v. Saul*, 2020 WL 874811, at *7 (N.D. Tex. Jan. 30, 2020), *adopted by* 2020 WL 869819 (N.D. Tex. Feb. 21, 2020) (same). However, the majority of courts that have decided the question hold the opposite. *Davis v. Saul*, 963 F.3d 790, 795 (8th Cir. 2020); *Carr v. Comm'r, SSA*, 961 F.3d 1267, 1275-76 (10th Cir. 2020); *see also Perkins v. Berryhill*, 2019 WL 2997082, at *4 n.3 (N.D. Tex. June 21, 2019) (collecting cases outside the Fifth Circuit), *adopted sub nom. by Perkins v. Saul*, 2019 WL 2996055 (N.D. Tex. July 9, 2019); *Parsons v. Saul*, 2020 WL 444468, at *5 (N.D. Tex. Jan. 13, 2020), *adopted by* 2020 WL 434578 (N.D. Tex. Jan. 28, 2020); *Pena v. Saul*, 2019 WL 8223588, at *5 (S.D. Tex. Dec. 26, 2019), *adopted by* 2020 WL 1234281 (S.D. Tex. Mar. 13, 2020); *Dickerson v. Comm'r of Soc. Sec.*, 2019 WL 7938518, at *7 (S.D. Tex. Dec. 9, 2019), *adopted by* 2020 WL 730877

(S.D. Tex. Feb. 12, 2020); *Ricks v. Comm'r of Soc. Sec.*, 2020 WL 488285, at *3-4 (M.D. La. Jan. 30, 2020); *Velasquez ex rel. Velasquez v. Berryhill*, 2018 WL 6920457, at *3 (E.D. La. Dec. 17, 2018), *adopted by* 2019 WL 77248 (E.D. La. Jan. 2, 2019); *Williams v. Berryhill*, 2018 WL 4677785, at *2-3 (S.D. Miss. Sept. 28, 2018).

As stated above, the Commissioner's sole response to Plaintiff's Appointments Clause argument is that by her failure to raise the argument before the Administration "at any point in the administrative proceedings[, Plaintiff] forfeited her Appointments Clause claim." Def.'s Resp. 12. The Commissioner is mistaken, however, that Plaintiff did not raise an Appointments Clause argument at the administrative level. Indeed, on December 20, 2018, Plaintiff's counsel submitted a request for review to the Appeals Council citing *Lucia* and "specifically object[ing] that the ALJ who conducted the hearing in this case was not properly appointed under the Constitution's Appointments Clause at the time of the hearing and thus did not have legal authority to preside over this case or to issue an unfavorable decision." A.R. 134. Plaintiff's counsel then filed a brief to the Appeals Council on January 2, 2019 arguing that the ALJ erred by not giving great weight to a treating source but failing to object again under Appointments Clause. *Id.* 209-10. Nonetheless, in denying her request for review, the Appeals Council acknowledged that Plaintiff "raised a challenge under the Appointments Clause of the Constitution . . . to the manner in which the [ALJ] was appointed," *id.* 3, but rejected the argument on the grounds that the Commissioner ratified the ALJ's

7

appointment before the ALJ issued his decision in this case.[3] Moreover, the Appeals Council states in its order that it "considered the reasons" for relief presented both in Plaintiff's December 20, 2018 filing and her January 2, 2019 brief. A.R. 1, 4. Accordingly, Plaintiff presented to the Appeals Council, and the Appeals Council considered, her Appointments Clause argument.

The Commissioner cites no binding authority holding that a claimant who raises an Appointments Clause challenge to the Appeals Council has not exhausted her administrative remedies with respect to that challenge. In fact, the Administration's own rulings indicate that raising an Appointments Clause argument to the Appeals Council is sufficient for administrative exhaustion. SSR 19-1p, 2019 WL 1324866, at *3 ("The Appeals Council will grant the claimant's request for review in cases where the claimant: (1) Timely requests Appeals Council review of an ALJ's decision or dismissal issued before July 16, 2018; and (2) raises before us (*either at the Appeals Council level, or previously had raised at the ALJ level*) a challenge under the Appointments Clause to the authority of the ALJ who issued the decision or dismissal in the case." (emphasis added)). *See also*, *e.g.*,

---

[3] As stated above, the ALJ heard Plaintiff's claim on May 23, 2018. *Id*. 33-51. The ALJ issued his written decision on October 25, 2018. *Id*. 14, 17-29. While the ALJ's appointment was ratified before he issued his written decision, *Lucia* concerns an ALJ's authority to *hear* and determine cases. *See Lucia*, 138 S. Ct. at 2053 (noting ALJ's authority to "take testimony," "receive evidence," "examine witnesses," "administer oaths, rule on motions, and generally regulate the course of a hearing, as well as the conduct of parties and counsel," "rule on the admissibility of evidence," and "critically shape the administrative record" (internal quotation marks, citations, and alterations omitted)).

*Velasquez*, 2018 WL 6920457, at *3 ("Accordingly, I find that plaintiff has waived the Appointments Clause issue by failing to assert it before the ALJ *or the Appeals Council*." (emphasis added)); *Dickerson*, 2019 WL 7938518, at *7 ("While the Fifth Circuit has not ruled on this issue, at least three district courts within the Circuit have found the argument waived when not brought before the ALJ *or Appeals Council*." (emphasis added)).

The Commissioner concedes that the ALJ who heard Plaintiff's case was improperly appointed under the Appointments Clause, and the Court finds that Plaintiff timely raised such an argument by presenting it to the Appeals Council. Thus, Plaintiff is entitled to relief under *Lucia*. Because remand is appropriate on the grounds presented in Plaintiff's fourth argument, the Court pretermits discussion of Plaintiff's first three arguments. Plaintiff can raise these arguments before the ALJ on remand. *See* 20 C.F.R. § 404.983 (providing that when a case is remanded from federal court, the ALJ may consider any issues relating to the claim).

## Recommendation

For the foregoing reasons, the Commissioner's decision should be REVERSED, and Plaintiff's claim should be REMANDED for a hearing before another ALJ. *Lucia*, 138 S. Ct. at 2055 ("To cure the constitutional error, another ALJ . . . must hold the new hearing . . . .").

**SIGNED** August 20, 2020.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).